NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**BYRON J. PARKER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7150

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-4105, Judge Robert N. Davis.

---

Decided: December 9, 2011

---

BYRON J. PARKER, of Pensacola, Florida, pro se.

CHRISTOPHER L. KRAFCHEK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United

States Department of Veterans Affairs, of Washington, DC.

_____

Before DYK, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Byron Parker ("Parker") appeals a U.S. Court of Appeals for Veterans Claims ("Veterans Court") decision, *Parker v. Shinseki*, No. 09-4105 (Vet. App. Mar. 29, 2011). The Veterans Court affirmed a July 7, 2009, Board of Veterans' Appeals ("Board") decision, which held that Parker had not submitted new and material evidence to show that his bad-conduct discharge was not a bar to Department of Veterans Affairs ("VA") benefits. We *dismiss*.

## BACKGROUND

Parker served on active duty in the Air Force from February 1985 to October 1990. In December 1988, Parker struck a police officer during arrest for possession of marijuana and cocaine. Parker pled guilty in his court-martial proceedings to possession and use of marijuana and cocaine, resisting arrest, and striking a police officer. In October 1990, he was sentenced to a reduction in paygrade, confinement for 18 months, and a bad-conduct discharge.

Parker submitted a claim for VA disability benefits in January 1991. In August 1991, a VA regional office ("RO") determined that Parker was barred from benefits due to his bad-conduct discharge. The Board affirmed this decision in August 1994. Parker did not appeal this decision.

In June 2005, Parker sought to reopen his claim but did not submit any new evidence, so the RO denied his

request to reopen his claim in September 2005. Parker appealed this decision to the Board, and he submitted new evidence to the Board along with this appeal. In July 2009, the Board declined to reopen Parker's claim after determining that the new evidence was cumulative of testimony already in the record or was immaterial to his bad-conduct discharge. The Veterans Court affirmed, holding that this decision was not clearly erroneous. *Parker v. Shinseki*, No. 09-4105 (Vet. App. Mar. 29, 2011). Parker timely appealed to this court.

DISCUSSION

Under 38 U.S.C. § 7292(c), our jurisdiction to review Veterans Court decisions is limited to "challenge[s] to the validity of any statute or regulation or any interpretation thereof." We may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" unless the appeal "presents a constitutional issue." *Id.* § 7292(d)(2); *see Guillory v. Shinseki*, 603 F.3d 981, 987 (Fed. Cir. 2010).

A veteran discharged "by reason of the sentence of a general court-martial" is not entitled to VA benefits unless "at the time of the commission of [the] offense . . . that person was insane." 38 U.S.C. § 5303(a)-(b). Because Parker did not appeal the Board's 1994 denial of benefits, absent clear and unmistakable error, his claim could be reopened only "[i]f new and material evidence is presented or secured." 38 U.S.C. § 5108. VA regulations state that "[n]ew and material evidence can be neither cumulative nor redundant of the evidence of record . . . and must raise a reasonable possibility of substantiating a claim." 38 C.F.R. § 3.156(a).

Parker does not challenge the validity or interpretation of the applicable statutes and regulations. The only issue before the Veterans Court was whether Parker had

submitted new and material evidence during the 2009 Board proceeding. Parker appears to argue that he submitted new and material evidence both concerning the validity of the court-martial proceeding and his sanity. The Board's determination that the new evidence was cumulative and immaterial is a factual issue outside the scope of our review. *See* 38 U.S.C. § 7292(d)(2). This court is without jurisdiction.

COSTS

No costs.